# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA     )
                                        )
v.                                     )     Criminal Action No. 3:09-CR-418-02–HEH
                                        )
CORDARRELL A. JOHNSON,     )
                                        )
              Defendant.   )

## MEMORANDUM OPINION
### (Disposition of Pending Motions)

This matter is before the Court on several motions filed by both Defendant Cordarrell A. Johnson ("Defendant") and the Government. The Court notes at the outset the novelty and precedential value of these issues. Despite the lack of controlling law, the Court's resolution of these issues is guided by the precedent available, and the balance between Defendant's liberty interest and the Government's interest in prosecuting dangerous crimes.

For the reasons that follow, the Court will grant Defendant's Amended Motion to Dismiss Arrest Warrant (ECF No. 162), deny as moot Defendant's Motion to Dismiss Arrest Warrant (ECF No. 152), deny Defendant's Motion for Order Precluding Government from Further Prosecuting Mr. Johnson in this Case (ECF No. 163), and grant the Government's Motion to Reinstate Counts Dismissed Pursuant to Plea Agreement (ECF No. 176). Finally, the stay this Court imposed on Defendant's release from confinement on Counts Seven and Nine by Order issued on October 16, 2019 (ECF No. 182) will be lifted. The Court decides these issues on the narrowest grounds possible,

and the above determinations are made only to the extent they are consistent with the reasons discussed in this Memorandum Opinion.

## I. BACKGROUND

The crux of the issues before the Court is the interpretation of the Plea Agreement Defendant and the Government signed on January 29, 2010. On January 19, 2010, a grand jury charged Defendant in Counts One, Six, Seven, Eight, and Nine of a nine-count Superseding Indictment (Super. Indictment, ECF No. 37). The two counts relevant here, as stated in the Superseding Indictment, are

> Count Seven (Possess/Brandish Firearm In Furtherance of Crime of Violence) . . . in furtherance of a crime of violence for which [he] may be prosecuted in a court of the United States, to wit: conspiracy to interfere with commerce by force, as charged in Count One of this Indictment; and interference with commerce by force, as charged in Count Six of this Indictment, which counts are incorporated by reference herein, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce and cause to be possessed and brandished, firearms. (In violation of Title 18, United States Code, Sections 924(c) and 2). . . .

> Count Nine (Possess/Brandish Firearm In Furtherance of Crime of Violence) . . . in furtherance of a crime of violence for which [he] may be prosecuted in a court of the United States, to wit: conspiracy to interfere with commerce by force, as charged in Count One of this Indictment; and interference with commerce by force, as charged in Count Eight of this Indictment, which counts are incorporated by reference herein, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce and cause to be possessed and brandished, firearms. (In violation of Title 18, United States Code, Sections 924(c) and 2).

(*Id.* at 8–9.)

On January 29, 2010, Defendant pled guilty to Counts Seven and Nine, pursuant to the Plea Agreement, which stated as follows:

The defendant agrees to plead guilty to Counts Seven and Nine [of] the pending Superseding Indictment.

     a. Count Seven charges that the defendant, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: *conspiracy to interfere with commerce by threats and violence*, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce, and cause to be possessed and brandished, firearms, in violation of Title 18, United States Code, Section 924(c). . . .

     b. Count Nine charges that the defendant, in furtherance of a crime of violence for which he may be prosecuted in a court of the United States, to wit: *conspiracy to interfere with commerce by threats and violence*, did knowingly and unlawfully possess and brandish, and did aid, abet, counsel, command, induce, and cause to be possessed and brandished, firearms, in violation of Title 18, United States Code, Section 924(c). . . .

(Plea Agreement ¶ 1, ECF No. 39 (emphasis added).) Conspicuously absent from the Plea Agreement are the substantive Hobbs Act robbery crimes charged in Counts Six and Eight as predicates for the § 924(c) charges in Counts Seven and Nine. The Plea Agreement further provides that

> The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the indictment or statement of facts, or use any statements made by defendant to prosecute him for other crimes, other than homicides, occurring during the span of the conspiracy as charged in the Criminal Information [sic].[1]

(*Id.* ¶ 11.) Finally, the parties agreed that "[t]his written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel." (*Id.* ¶ 20.)

---

[1] The Plea Agreement in this paragraph erroneously names the charging document as an Information, rather than a Superseding Indictment.

On May 3, 2010, the Court sentenced Defendant to 84 months of incarceration on Count Seven and 300 months of incarceration on Count Nine, to be served consecutively. (J. at 2, ECF No. 61.) At sentencing, on the Government's Motion, the Court dismissed the original Indictment and "Counts 1, 6, and 8 of the Superseding Indictment," pursuant to the Plea Agreement. (*Id.* at 1.)

On June 13, 2016, Defendant filed a Motion to Vacate under 28 U.S.C. § 2255 ("§ 2255 Motion") (ECF No. 93), *pro se*, arguing that his convictions under Counts Seven and Nine were invalid pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Following the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), and the Fourth Circuit's decision in *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), in its Memorandum Opinion issued on September 27, 2019 (ECF No. 145), this Court determined that conspiracy to commit Hobbs Act robbery can no longer serve as a valid predicate crime of violence for a § 924(c) charge. Furthermore, the Court found that Defendant had established, as set forth in the Plea Agreement, that his convictions on Counts Seven and Nine were predicated solely on the conspiracy to commit Hobbs Act robbery charged in Count One, relying on established Fourth Circuit principles that hold the Government to a greater degree of responsibility for ambiguities in plea agreements. Accordingly, the Court granted Defendant's § 2255 Motion and vacated Defendant's convictions and sentences on both Counts Seven and Nine, and ordered Defendant's release from confinement on these charges (ECF No. 146).

Following the issuance of this Court's Memorandum Opinion, on September 27, 2019, then-Magistrate Judge Novak granted the Government's Motion for Arrest

Warrant, and an arrest warrant was issued to detain Defendant on Counts Seven and Nine. The Government contends that, even though the convictions on Counts Seven and Nine have been vacated, the Superseding Indictment remains and it charges valid § 924(c) predicates of substantive Hobbs Act robbery in Counts Seven and Nine.

On October 3, 2019, Defendant filed an Amended Motion to Dismiss Arrest Warrant and a Motion for Order Precluding Government from Further Prosecuting Mr. Johnson. Defendant argues that the Government cannot reinstate or continue to prosecute Counts Seven and Nine against him under a different theory of prosecution than it originally pursued and that there is no pending Indictment. In its Response, the Government argues that it is only trying to uphold the bargained-for agreement, contending that Defendant "has a continuing obligation under the plea agreement to plead guilty to counts seven and nine." (United States' Response to Mot. to Dismiss Arrest Warrant and Dismiss Charges at 16, ECF No. 175).

On October 11, 2019, the Government filed a Motion to Reinstate Counts Dismissed Pursuant to Plea Agreement. The Government asks this Court to only rule on this Motion if it finds that Defendant did not plead guilty to Counts Seven and Nine as charged in the Superseding Indictment. Accordingly, if the Court finds against the Government as to this issue, the Government seeks reinstatement of all counts of the Superseding Indictment that were dismissed pursuant to Defendant's Plea Agreement. In his Response, Defendant argues that the Government dismissed those counts pursuant to the Plea Agreement, and that the reinstatement of these dismissed counts would constitute a breach of the Plea Agreement by the Government.

The Court heard argument on the above-mentioned motions on October 16, 2019. On the same day, the Court issued an Order staying Defendant's release from confinement on Counts Seven and Nine. On October 25, 2019, the Government filed a Motion for Clarification of Ruling and to Extend Time for Filing Notice of Appeal, seeking clarification of whether the Court's Order granting Defendant's § 2255 Motion was a final, appealable order (ECF No. 190).

## II. ANALYSIS

### A. Defendant's Amended Motion to Dismiss Arrest Warrant

The first issue before the Court is whether the arrest warrant should be dismissed.[2] The Government sought the arrest warrant specifically on Counts Seven and Nine, the same counts Defendant was convicted of and this Court subsequently vacated on September 27, 2019. While the Government offers a myriad of arguments, their primary argument for seeking the warrant and Defendant's confinement—based on its briefs and the October hearing—is that Defendant pled guilty to the entirety of Counts Seven and Nine, the Court vacated only the conspiracy predicates, and the Government should be able to hold Defendant to his promise to plead guilty to those counts—which include still valid § 924(c) predicates of substantive Hobbs Act robbery. (*See* United States' Response to Mot. to Dismiss Arrest Warrant and Dismiss Charges at 9–10 ("The United

---

[2] The Government argues that Defendant's request to dismiss the arrest warrant is moot because it has been executed, there is no legal mechanism to grant such relief, and Defendant has remained in custody pursuant to Judge Novak's determination at the October 8, 2019 detention hearing, rather than the arrest warrant. The Court need not address these arguments because it construes Defendant's Amended Motion to Dismiss Arrest Warrant as, in effect, a means to release Defendant.

States simply seeks here what it bargained for—a guilty plea to counts seven and nine. . . . The United States does not violate the immunity conferred by the plea agreement against further prosecution by seeking guilty pleas on the counts that defendant admitted to and to which he agreed to plead guilty.").)

The Government primarily relies on the Fourth's Circuit decision in *United States v. Cannon*, 778 F. App'x 259 (4th Cir. 2019) (unpublished). In that case, the Fourth Circuit upheld the defendant's conviction, post-*Simms* and *Davis*, because "[t]he § 924(c) count to which he pled guilty was predicated not only on conspiracy but also on substantive Hobbs Act robbery . . . and his stipulated statement of facts established that he committed that substantive offense." *Cannon*, 778 F. App'x at 260–61. However, in that case, the plea agreement did not omit the substantive predicate; instead, the agreement simply identified the count to which he pled guilty, without identifying the specific conduct upon which the firearm charge was based. (*See* Plea Agreement ¶ 1, ECF No. 23, No. 2:15-cr-121-AWA-RJK.) In this case, the Plea Agreement does generally identify Counts Seven and Nine at the outset, but then details the conduct upon which those counts are based, specifically omitting the substantive Hobbs Act robbery predicates in both counts.

The Government argues that the language limiting the agreement to only the conspiracy predicates is merely a "scrivener's error." (United States' Response to Motion to Dismiss Arrest Warrant and Dismiss Charges at 9.) However, the Court cannot conclude that the omissions of the substantive Hobbs Act robbery predicates from the language of the Plea Agreement are the result of a mere scrivener's error. "When

interpreting plea agreements, we draw upon contract law as a guide to ensure that each party receives the benefit of the bargain, and to that end, we enforce a plea agreement's plain language in the ordinary sense." *United States v. Under Seal*, 902 F.3d 412, 417 (4th Cir. 2018) (quoting *United States v. Warner*, 820 F.3d 678, 683 (4th Cir. 2016)). Under principles of contract law, "a scrivener's error, like a mutual mistake, occurs when the intention of the parties is identical at the time of the transaction but the written agreement does not express that intention because of that error." *Cross v. Bragg*, 329 F. App'x 443, 454 (4th Cir. 2009) (unpublished) (applying contract principles to ERISA plans). The Court cannot, *post hoc*, determine on the record at hand that both parties intended for Defendant to plead guilty to the entirety of Counts Seven and Nine, despite the plain language of the Plea Agreement limiting the bargain to only the conspiracy predicates.

Furthermore, ambiguities in plea agreements are construed against its drafter—the Government. *Under Seal*, 902 F.3d at 417–18. "[B]ecause plea agreements involve waivers of constitutional rights, . . . the Government [is held] to a greater degree of responsibility than the defendant for imprecisions or ambiguities in plea agreements." *Id.* at 418 (internal quotation omitted). "[A] plea agreement or other contract is ambiguous if it is reasonably susceptible of two meanings. In determining whether a plea agreement is ambiguous, courts examine the entire contract, considering particular words not as if isolated from the context, but in the light of the obligation as a whole." *Id.* at 419.

While the opening statement of this Plea Agreement states that Defendant is agreeing to plead guilty to Counts Seven and Nine, that paragraph then details what those

counts charge, specifically omitting the substantive Hobbs Act robbery predicates. While the Plea Agreement appears—on its face—to limit the Defendant's plea to only the conspiracy predicates, the Plea Agreement is, at best, ambiguous. Pursuant to the Fourth Circuit's mandates, this Court construes the ambiguities in the Plea Agreement against the Government and accordingly finds that Defendant pled guilty to only the parts of Counts Seven and Nine that charge conspiracy to commit Hobbs Act robbery as the predicates for the § 924(c) violations. *See id.* at 417–19; *see also United States v. Jordan*, 509 F.3d 191, 195–96 (4th Cir. 2007); *United States v. Harvey*, 791 F.2d 294, 295, 300–01 (4th Cir. 1986).

This decision is consistent with this Court's Memorandum Opinion granting Defendant's § 2255 Motion, which held that Defendant's "convictions for using, carrying, and brandishing a firearm in furtherance of a crime of violence were predicated solely on the conspiracy to commit Hobbs Act robbery charged in Count One. . . . Thus, . . . his convictions on Count Seven and Nine must be vacated."[3] (Mem. Op. at 9.)

---

[3] In granting Defendant's § 2255 Motion, this Court relied, in a footnote, on *Benitez v. United States*, which rejected the government's argument that the defendant could be held to the additional predicates in the indictment that remained unaffected by the Supreme Court's decision in *Johnson* because the plea agreement explicitly listed only the affected predicate. *Benitez*, Nos. 16-cv-23974-UU, 13-cr-20606-UU, 2017 WL 2271504, at *5 (S.D. Fla. Apr. 6, 2017). The plea agreement in that case, similar to the one at issue here, stated "[t]he defendant agrees to plead guilty to . . . Count 4 of the indictment, which charges the defendant with Possession of a Firearm in Furtherance of a Crime of Violence." *Id.* (quoting Plea Agreement ¶ 1, ECF No. 37, No. 1:13-CR-20606-UU.) Despite that agreement also stating at the outset that the defendant was pleading guilty to the "count," that agreement also explicitly limited what that defendant was agreeing to plead guilty to in that count. *See id.* Accordingly, that court found that the defendant pled guilty to only the named predicate in the agreement because "[t]he Government is bound by the language of the plea agreement." *Id.* ("The United States argues that Movant's claims are moot because Movant pled guilty to Count 4 of the indictment, the language of which included . . . predicate crimes of violence and drug trafficking offenses . . . . In the plea

Accordingly, having found that Defendant was convicted of only the conspiracy predicates, and having vacated those convictions, the Government cannot convincingly argue that Defendant intended to plead guilty to anything more in the Plea Agreement. (*See* Plea Agreement ¶ 20 ("This written agreement constitutes the complete agreement between the United States, the defendant, and the defendant's counsel.").) Because this is the Government's primary argument in pursuing the current arrest warrant against Defendant, the Court will grant Defendant's Amended Motion to Dismiss Arrest Warrant,[4] to the extent that the Motion is consistent with this Court's holding.

## B. Government's Motion to Reinstate Counts Dismissed Pursuant to Plea Agreement

The second issue before the Court is whether the Government can reinstate all counts of the Superseding Indictment previously dismissed pursuant to the Plea Agreement. The Government argues that 18 U.S.C. § 3296 authorizes reinstatement of these dismissed counts. Defendant argues that the Government would be in violation of the Plea Agreement if the Government is allowed to do so.

Section 3296(a) provides that the District Court "shall" reinstate "any counts of an indictment or information that are dismissed pursuant to a plea agreement" if:

(1) the counts sought to be reinstated were originally filed within the applicable limitations period;

---

agreement in this case [however], the United States explicitly agreed that Movant was pleading guilty to a violation of § 924(c) in furtherance of a crime of violence, not a drug trafficking crime."). While that court also relied on the plea colloquy and the Judgment and Conviction Order, this Court finds that that court's reliance on the explicit language in the plea agreement is persuasive. *See id.*

[4] Consequently, Defendant's Motion to Dismiss Arrest Warrant will be denied as moot.

    (2) the counts were dismissed pursuant to a plea agreement approved by the District Court under which the defendant pled guilty to other charges;

    (3) the guilty plea was subsequently vacated on the motion of the defendant; and

    (4) the United States moves to reinstate the dismissed counts within 60 days of the date on which the order vacating the plea becomes final.

Defendant first argues that the statute is inapplicable because he did not move to vacate his guilty plea; instead, Defendant claims that he moved to dismiss Counts Seven and Nine as legally insufficient to state a claim. The Court finds this argument unavailing. As the Government points out, in Defendant's § 2255 Motion filed on June 13, 2016, Defendant asked this Court to "vacate [his] convictions and remand for new proceedings." (Motion to Vacate under § 2255 at 13.) This was reiterated in Defendant's Reply to Supplemental Memorandum of the United States Regarding *United States v. Davis*, filed by counsel on August 15, 2019 (ECF No. 137 at 11 ("Mr. Johnson asks the Court to grant his motion to vacate his convictions and sentences on Counts Seven and Nine.").)

The Court granted Defendant's § 2255 Motion, vacating his convictions, which were predicated solely on the conspiracy charges. Upon further finding that Defendant was not convicted of the substantive predicates, as explained above, Defendant's guilty plea has effectively been vacated upon his motion, satisfying § 3296(a)(3). *See Carr v. United States*, Nos. 2:06-CR-14, 2:12-CV-1, 2014 WL 683711, at *1–2 (E.D.N.C. Feb. 20, 2014) (finding that the statutory conditions were effectively satisfied upon the Court granting the defendant's motion to vacate his conviction, and directing the defendant to show cause why the dismissed counts should not be reinstated); *Ricks v.*

*United States*, 921 F. Supp. 2d 501, 503 (W.D.N.C. 2013) (The court rejected the defendant's argument that he was not attacking the entirety of the plea agreement because he was attacking "only one count of his two counts of conviction and . . . not challenging the voluntariness of his plea." The court found that § 3296(a)(3) had been satisfied because "the practical effect of vacating [his] conviction on Count One undoes the plea agreement and hence [his] guilty plea.").

Thus, upon granting Defendant's § 2255 Motion and vacating his convictions on Counts Seven and Nine, which are the only counts he pled guilty to and was convicted of by this Court, the Court has effectively vacated the Defendant's guilty plea. *Boykin v. Alabama*, 395 U.S. 238, 242 (1969) ("A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." (citing *Kercheval v. United States*, 274 U.S. 220, 223 (1927))); *see also United States v. Stitz*, 877 F.3d 533, 536 (4th Cir. 2017). Accordingly, the Court finds that the statutory conditions of § 3296 have been satisfied.[5]

Defendant next argues that the Government would be in violation of the Plea Agreement if it is allowed to reinstate the dismissed counts of the Superseding Indictment, relying on the language in the Plea Agreement that precludes the Government from further prosecuting the Defendant for the conduct described in the Indictment and the Statement of Facts. Defendant relies on language from *United States v. Archie*, which states that "[a] plea agreement, like any contract, allocates risk. And the possibility of a

---

[5] The Court need not address the other elements of the statute, which are not contested by Defendant and are unquestionably established.

12

favorable change in the law occurring after a plea is one of the normal risks that accompanies a guilty plea." 771 F.3d 217, 222 (4th Cir. 2014) (citations omitted).

Defendant's reliance on *Archie* is misplaced. In that case, the defendant appealed the district court's judgment, based on the Supreme Court's decision in *Alleyne v. United States*, 570 U.S. 99 (2013), that changed the law four months after the defendant's sentencing. *Id.* at 221. Importantly, in that defendant's plea agreement, he waived his right to appeal. *Id.* at 219. The Fourth Circuit found that the defendant had assumed the risk that the law could change in his favor "in exchange for the Government's concessions." *Id.* at 222. The court further held that if it "declined to enforce [the defendant's] appeal waiver because of a subsequent change in the law, [it] would deprive the Government of the benefit of its bargain and frustrate the purpose underlying such contracts." *Id.* Relying on its own precedent, the Fourth Circuit stated that "[p]lea bargains rest on contractual principles, and each party should receive the benefit of its bargain. Consequently, a party cannot . . . ask to re-bargain the waiver of his right to appeal because of changes in the law." *Id.* (quoting *United States v. Blick*, 408 F.3d 162, 170, 173 (4th Cir. 2005) (alterations in original)).

Thus, the Fourth Circuit in *Archie* was trying to uphold the benefit of each party's bargain. However, in this case, the Government has already lost its benefit, upon this Court's finding that Defendant's convictions, pursuant to the Plea Agreement, must be vacated. Accordingly, under the frustration of purpose doctrine, the Court finds that the Government is discharged from its obligations under the Plea Agreement, and that it may seek to reinstate the dismissed counts of the Superseding Indictment.

The following elements must be met in order for the frustration of purpose doctrine to apply.

> First, the frustrated purpose must have been "so completely the basis of the contract that, as both parties understand, without it the transaction would make little sense." Second, the frustration must be such that the intervening event cannot fairly be regarded as within the risks the frustrated party assumed under the contract. Finally, "the non-occurrence of the frustrating event must have been a basic assumption on which the contract was made."

*United States v. Bunner*, 134 F.3d 1000, 1004 (10th Cir. 1998) (quoting Restatement (Second) of Contracts § 265 cmt. a (Am. Law Inst. 1981)), *cert. denied*, 525 U.S. 830 (1998). If these elements are met, the frustrated party "is discharged from performing under the doctrine of frustration of purpose." *Id.*

The Court does not reach this conclusion without the guidance of persuasive case law. In *Bunner*, after the parties entered into a plea agreement in which defendant pled guilty to a violation of § 924(c), the Supreme Court decided *Bailey v. United States*, 516 U.S. 137 (1995), after which the defendant's conduct no longer violated § 924(c). *Id.* at 1002. After *Bailey*, the defendant filed a § 2255 motion, seeking to vacate his sentence, which the district court granted. *Id.* The Tenth Circuit found that

> [t]he district court's decision ultimately resulted in Defendant being relieved of his obligations under the plea agreement. Therefore, although the parties were technically able to perform according to the letter of the agreement, Defendant's performance, for all practical purposes, became worthless to the government. This resulted in the underlying purpose of the agreement being frustrated and the basis of the government's bargain being destroyed. Thus, under the frustration of purpose doctrine, the government's plea agreement obligations became dischargeable.

*Id.* at 1005.

The government then elected to be discharged from the agreement, and sought to return the parties to their respective positions before they had entered into the plea agreement by moving to reinstate the dismissed counts of the indictment, which the district court also granted. *Id.* The Tenth Circuit held that, with respect to the plea agreement, "[a] basic assumption underlying the parties' purposes was their belief that the conduct Defendant pled guilty to amounted to a violation of § 924(c). Absent this assumption, neither party would have entered into the . . . plea agreement." *Id.* Accordingly, "the plea agreement no longer bound the parties. Therefore, no obligation remained which prohibited the government from reinstating the previously dismissed charges." *Id.* at 1002. In reaching this conclusion, the Tenth Circuit determined, in a footnote, that "a fair construction of the plea agreement before us requires that Defendant and the government share the risk that a subsequent change in the law may undermine the basis of the agreement." *Id.* at 1005 n.3. The Tenth Circuit, under the frustration of purpose doctrine, accordingly affirmed the district court's decision allowing the government to reinstate the dismissed charges. *Id.* at 1005.

In reaching this determination, the Tenth Circuit explicitly declined to follow *United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997)—the Ninth Circuit case upon which Defendant in the present case also heavily relies. *See id.* at 1004. The facts of *Sandoval-Lopez* track the facts of both this case and *Bunner*. *See id.* at 1002; *Sandoval-Lopez*, 122 F.3d at 798–99. In *Sandoval-Lopez*, the district court found that the defendants had breached their non-written plea agreements by challenging their convictions after *Bailey*, that the government was no longer bound by the terms of the

plea agreement after the defendants' convictions were vacated on their § 2255 motions, and that the government was allowed to reinstate the dismissed charges. 122 F.3d at 799.

On appeal, the Ninth Circuit reversed, holding that the defendants were not barred under their plea agreements from challenging the validity of their convictions under § 2255, and were accordingly not in breach of their agreements. *Id.* at 801–02. That court further held that the government bore the risk that a change in the law would invalidate the defendants' convictions, particularly because it failed to provide in the agreements for the right to reinstate the dismissed charges if a change in the law occurred. *Id.* Consequently, the court found that the government was barred from reinstating the dismissed charges. *Id.* at 802.

The Tenth Circuit in *Bunner* believed that the court in *Sandoval-Lopez* "stopped too soon." *Bunner*, 134 F.3d at 1004. The *Bunner* Court found that the Ninth Circuit's decision with respect to specific enforcement of the agreements "was premature" because that court "made no explicit determination regarding the effect of the defendants' successful § 2255 motion on the government's plea agreement obligations," finding that those obligations "were likely altered." *Id.* The Tenth Circuit then held contrary to the decision in *Sandoval-Lopez* that the government should be allowed to reinstate the dismissed charges, despite also finding that the district court had erred in holding that the defendant breached his obligations under the agreement. *Id.* at 1004–05.

Notably, § 3296 was enacted after *Sandoval-Lopez* was decided (effective Nov. 2, 2002). Furthermore, the Fifth Circuit in *United States v. Moulder* also rejected the defendants' reliance on *Sandoval-Lopez*, and instead specifically adopted the Tenth

Circuit's holding and analysis in *Bunner*. *Moulder*, 141 F.3d 568, 571–72 (5th Cir. 1998). Relying on both *Moulder* and *Bunner*, the Eighth Circuit rejected a defendant's challenge to the reinstatement of dismissed charges. *Hunter v. United States*, No. 97-3090, 1998 WL 327183, at *1 (8th Cir. 1998) (unpublished) ("[The defendant's] challenge to the reinstatement of the dismissed charges is procedurally defaulted by his failure to raise the claim on direct appeal, absent a showing of cause and prejudice. . . . [He] cannot demonstrate prejudice because we do not believe the district court erred by allowing the government to reinstate the previously dismissed charges.").

Importantly, the Fourth Circuit has cited *Bunner* favorably. In *United States v. Green*, the district court granted the defendant's § 2255 motion after the Supreme Court's decision in *Bailey*. *Green*, 139 F.3d 1002, 1003 (4th Cir. 1998). The government then reindicted the defendant, largely predicated on the dismissed counts of the original indictment but also included an additional count that was identical to the count that was vacated pursuant to the § 2255 motion. *Id.* Defendant argued he had not breached the plea agreement by filing the § 2255 motion, relying on *Sandoval-Lopez*, and argued that the government's "reindictment on counts that it previously dismissed [was] a breach of the plea agreement . . . ." *Id.*

Commenting on the reinstatement of the previously dismissed counts, the Fourth Circuit concluded that "[t]he Double Jeopardy Clause does not preclude prosecution of the offenses to which [the defendant] did not plead guilty." *Id.* at 1004. As to the additional count that was identical to the count that was pled to and then vacated, the Fourth Circuit found that the defendant's "voluntary choice to contest the sufficiency of

17

his plea was not based on his innocence but on error pertaining to the elements of his offense. As such, his retrial [did] not reflect the evils at which the Double Jeopardy Clause is aimed." *Id.* In affirming the district court's denial of the defendant's motion to dismiss the new indictment, the Fourth Circuit, specifically relying on *Bunner*, noted that "[v]arious courts have reflected this cardinal principle in reaching the conclusion that the Double Jeopardy Clause does not prohibit punishment of defendants who have successfully moved pursuant to 28 U.S.C. § 2255 to vacate their sentences on the basis of *Bailey.*" *Id.* at 1005.

This Court agrees with the Tenth Circuit's analysis in *Bunner*. Vacating Defendant's § 924(c) convictions under Counts Seven and Nine has undermined the main objectives of the plea agreement—that Defendant would be convicted and serve time under Counts Seven and Nine for violating § 924(c)—thereby depriving the Government of the basis of its bargain. *See Green*, 139 F.3d at 1004 ("At the heart of the parties' exchange is the agreement that the defendant will substantially serve the sentence imposed on the basis of conduct that the defendant has admitted." (citing *Bunner*, 134 F.3d 1000)). Undoubtedly, both parties assumed that Defendant's conduct was, and would continue to be, a violation of § 924(c). And like the Tenth Circuit, this Court believes that Defendant and the Government must "share the risk that a subsequent change in the law may undermine the basis of the agreement," rather than have the Government solely bear the risk. *See Bunner*, 134 F.3d at 1005 n.3. By finding that both parties share the risk, the Court returns both parties to equal footing, rather than leaving

18

the Government entirely bereft of any benefit of its bargain, thus making this case distinguishable from the Fourth Circuit's holding in *Archie*.

Accordingly, the Court finds that the Government no longer remains bound by its obligations under the Plea Agreement.[6] Because the Government has chosen to be discharged of its duties under the agreement, pursuant to 18 U.S.C. § 3296 and *Bunner*, the Court will grant the Government's Motion to Reinstate Counts Dismissed Pursuant to Plea Agreement. All counts of the Superseding Indictment previously dismissed pursuant to the Plea Agreement will be reinstated,[7] including the parts of Counts Seven and Nine

---

[6] In *United States v. Johnson*, the Fourth Circuit would not invalidate a defendant's appeal waiver, holding that the defendant assumed the risk of a subsequent favorable change in the law. 410 F.3d 137, 153 (4th Cir. 2005). The court determined that "[d]eclining to enforce his appeal waiver because of a subsequent change in the law would deprive the Government of some of the benefits of its bargain, which might ultimately work to the detriment of defendants who may find the Government less willing to offer a plea agreement." *Id.* Similarly, if this Court instead found that the Government was still bound by the terms of the Plea Agreement, the Government may be less inclined to offer a plea agreement, or to make any substantial exchanges in the bargaining process, in the future.

[7] While the Court finds it unnecessary to address the majority of the remaining claims asserted in the various motions, because the Court will reinstate the dismissed counts of the Superseding Indictment, the Court finds it pertinent to address Defendant's prosecutorial vindictiveness claim. Defendant asserts that the Government's actions in seeking to reinstate the dismissed counts of the Superseding Indictment constitute vindictive prosecution, relying on *United States v. Adams*, 814 F.3d 178 (4th Cir. 2016). In *Adams*, the Fourth Circuit declined to reinstate the dismissed charges of the indictment under § 3296, holding that the government came "dangerously close to punishing [the defendant] for pursuing what [the court had] ultimately determined to be a meritorious claim of actual innocence. 'To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort.'" *Id.* at 185 (quoting *Untied States v. Goodwin*, 457 U.S. 368, 372 (1982)). In that case, the government suggested at oral argument that if the court did vacate the defendant's conviction, it would thereafter seek to reinstate the dismissed counts.

However, in *Adams*, "[t]he government indicated it may seek to add [an] additional fifty years even though nothing in [that] opinion [required] the district court to lessen [the defendant's] current sentence," if the defendant continued to pursue his actual innocence claim and was found actually innocent. *Id.* Conversely, in this case, Defendant did not claim he was— nor was he found to be—actually innocent, the Government has not threatened to add on a

that this Court has found Defendant did not plead guilty to in the Plea Agreement, which consequently must have been dismissed.[8] As a result, the Court will deny Defendant's Motion for Order Precluding Government from Further Prosecuting Mr. Johnson in this Case.

---

significant amount of time if Defendant pursued a § 2255 Motion and was successful (indeed, here, Defendant had already prevailed on his § 2255 Motion before the Government sought to reinstate the dismissed charges), and Defendant's sentence did not remain unchanged by this Court's decision granting his § 2255 Motion.

Not only is the Government permitted to seek reinstatement of the dismissed charges pursuant to § 3296, but at least one court in this Circuit—and post-*Adams*—has held that vindictive prosecution claims are without merit when the Government, pursuant to § 3296, only seeks to reinstate original charges of an indictment that were previously dismissed. *See United States v. Campbell*, No. 6:14-CR-35, 2017 WL 2936295, at *3–4 (D.S.C. July 10, 2017) ("The court finds that Defendant's original Indictment was from the grand jury proceedings, which was merely reinstated after the Fourth Circuit vacated his plea, conviction, and sentence, and remanded his criminal proceedings to this court. Thus, Defendant's vindictive prosecution claim is wholly unsupported."); *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

Like the court in *Campbell*, this Court finds that Defendant has failed to establish prosecutorial vindictiveness, as the Government is only seeking to reinstate the original counts of a dismissed, but valid Superseding Indictment, as authorized by § 3296. *See Campbell*, 2017 WL 2936295, at *3–4 ("To establish actual vindictiveness, a defendant must show, 'through objective evidence that (1) the prosecutor acted with genuine animus toward the defendant and; (2) the defendant would not have been prosecuted but for that animus.'" (quoting *United States v. Jackson*, 327 F.3d 273, 294 (4th Cir. 2003))).

[8] While the Judgment reflects that only Counts One, Six, and Eight of the Superseding Indictment were dismissed, it was undoubtedly the intent of the Government, and this Court, to dismiss the remaining counts of the Superseding Indictment to which Defendant did not plead guilty, including any parts of Counts Seven and Nine that were not specifically included in the Plea Agreement. Having now found that Defendant did not plead guilty to the substantive predicates listed in Counts Seven and Nine, it is logical to conclude that the parties intended for those counts to be dismissed.

## C. Government's Motion for Clarification of Ruling and to Extend Time for Filing Notice of Appeal

The final issue before the Court is the Government's motion seeking clarification of whether there has yet been a final judgment as to Defendant's § 2255 Motion.

As the Government points out, "a district court's resolution of a prisoner's § 2255 petition proceeds in two steps." *United States v. Hadden*, 475 F.3d 652, 661 (4th Cir. 2007). The district court must first determine whether the prisoner's sentence is unlawful, which this Court concluded that it was in its Memorandum Opinion granting Defendant's § 2255 Motion. *Id.* Under the second step, "if the prisoner's sentence . . . is set aside, the district court 'shall' grant the prisoner an 'appropriate' remedy," which under § 2255 include: "(1) 'discharge the prisoner,' (2) 'grant [the prisoner] a new trial,' (3) 're-sentence [the prisoner],' or (4) 'correct the [prisoner's] sentence.'" *Id.* (quoting § 2255 (alterations in original)). Therefore, the "*end* result of a successful § 2255 proceeding must be the vacatur of the prisoner's unlawful sentence" and one of the above outcomes. *Id.* (emphasis added).

While this Court had initially ordered Defendant's release from confinement on Counts Seven and Nine upon granting Defendant's § 2255 Motion, this Court later stayed that release because, given the numerous motions subsequently filed, this matter clearly remained unresolved. Accordingly, up to this point, there has been no final judgment as to Defendant's § 2255 Motion, and thus, no appeal could be pursued.

However, upon determining that the present arrest warrant must be dismissed and that the originally dismissed counts of the Superseding Indictment shall be reinstated

pursuant to § 3296, this Court will lift the stay it imposed on Defendant's release pursuant to the Order granting Defendant's § 2255 Motion. Accordingly, upon issuance of this Memorandum Opinion, Defendant's § 2255 Motion will be resolved, and the parties may proceed to file a notice of appeal.

Because this Court clarifies that it had not previously issued a final judgment with respect to these issues, the Court declines to address the Government's request for an extension of time to file a notice of appeal.

## III.  CONCLUSION

For all these reasons, Defendant's Amended Motion to Dismiss Arrest Warrant will be granted, Defendant's Motion to Dismiss Arrest Warrant will be denied as moot, Defendant's Motion for Order Precluding Government from Further Prosecuting Mr. Johnson in this Case will be denied, and the Government's Motion to Reinstate Counts Dismissed Pursuant to Plea Agreement will be granted. Finally, the stay this Court imposed by Order issued on October 16, 2019 will be lifted. The Court's determination of these issues should serve as clarification as to the Government's Motion for Clarification of Ruling and to Extend Time for Filing Notice of Appeal.

Therefore, the arrest warrant shall be dismissed. Furthermore, all counts of the Superseding Indictment that were previously dismissed, including the parts of Counts Seven and Nine that this Court has found that Defendant did not plead guilty to in the Plea Agreement, will be reinstated.

Accordingly, while Defendant would otherwise be released from custody on the dismissed arrest warrant, Defendant shall remain in custody pursuant to this Court's

decision that all previously dismissed counts of the Superseding Indictment will be reinstated.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: Nov. 22, 2019
Richmond, VA